1

MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999

2

TRENT L. RICHARDS, ESQ.
Nevada Bar No. 11448

3

**THE BOURASSA LAW GROUP, LLC**

4

8668 Spring Mountain Road, Suite 101
Las Vegas, Nevada 89117

5

Tel: (702) 851-2180
Fax: (702) 851-2189

6

Email: mbourassa@bourassalawgroup.com

7

          trichards@bourassalawgroup.com
*Attorneys for Plaintiff*

8

9

**UNITED STATES DISTRICT COURT**

10

**DISTRICT OF NEVADA**

11

TIMOTHY J. GREENE, an individual

Case No.:

12

          Plaintiff,

13

vs.

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

14

US LEGAL GROUP, an unknown entity

15

          Defendant.

16

17

18

**COMPLAINT**

19

        Plaintiff, TIMOTHY J. GREENE (hereinafter referred to as "*Plaintiff*") by and through

20

the undersigned attorney, alleges upon knowledge as to himself and his own acts, and upon

21

22

information and belief as to all other matters, brings this complaint against the above-named

23

defendant and in support thereof alleges the following:

24

**PRELIMINARY STATEMENT**

25

        1.       Plaintiff brings this action on his own behalf for actual and statutory damages

26

27

arising from Defendant's violations of the Fair Debt Collection Practices Act (hereinafter

28

referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.,* and Nevada Revised Statutes.

- 1 -

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court is invoked under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

3.      Venue in this District is proper because Plaintiff and Defendant reside and/or do business in the District of Nevada. Venue is also proper in this district because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

**PARTIES**

4.      Plaintiff is a natural person who resides in Nevada.

5.      Plaintiff is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3)

6.      Plaintiff allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5) and NRS § 649.010.

7.      US LEGAL GROUP, is an unknown entity (hereinafter referred to as "ARG") the principal purpose of whose business is the collection of debts.

8.      US LEGAL GROUP is herein referred to as "Defendant."

9.      Defendant regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that the Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**STATEMENT OF FACTS**

10.     Plaintiff repeats, re-alleges, and incorporates by reference, paragraphs 1 through 9 inclusive, above.

11.     On or about August 2015, Defendant contacted Plaintiff by telephone regarding an alleged past due debt.

12.     Defendant's representative failed to disclose his identity in violation of 15 USC 1692d(6)

13. Defendant misrepresented the status of the debt, a violation of 15 USC 1692e(2).

14. Defendant threatened to sue Plaintiff, but to date no lawsuit have been filed, a violation of 15 USC 1692e(5).

15. When speaking with Plaintiff, Defendant failed to disclose it is a debt collector, a violation of 15 USC 1692e(11).

16. Defendant's representative also used a false name when speaking with Plaintiff, a violation of 15 USC 1692e(14).

17. In its written communication to Plaintiff, Defendant failed to disclose that Plaintiff had 30 days to dispute the alleged debt, a violation of 15 USC 1692g.

## FIRST CLAIM FOR RELIEF
### VIOLATION OF THE FDCPA 15 U.S.C.§ 1692d(6)

18. Plaintiff repeats, re-alleges, and incorporates by reference, paragraphs 1 through 17 inclusive, above.

19. Section 1692d(6) of the FDCPA states in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (6) …the placement of telephone calls without meaningful disclosure of the caller's identity.

20. Defendant called Plaintiff's by telephone and failed to disclose his identity when speaking with Plaintiff.

21. It has been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefore.

///

///

- 3 -

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE FDCPA U.S.C. § 1692e(2)(A)**

22.     Plaintiff repeats, re-alleges, and incorporates by reference, paragraphs 1 through 21 inclusive, above.

23.     Section 1692e(2) of the FDCPA states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of –
>
>> (A) The character, amount, or legal status of any debt

24.     Defendant alleges that Plaintiff owes a past-due debt but said past-due debt does not exist.

25.     It has been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefore.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE FDCPA 15 U.S.C.§ 1692e(5)**

26.     Plaintiff repeats, re-alleges, and incorporates by reference, paragraphs 1 through 25 inclusive, above.

27.     Section 1692e(11) of the FDCPA states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

28.     Defendant's representative threatened to file a lawsuit against Plaintiff.

1

29.     As of the date of this complaint, no lawsuit has been filed by Defendant against

2

Plaintiff.

3

30.     It has been necessary for Plaintiff to obtain the services of an attorney to pursue

4

this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefore.

5

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF THE FDCPA 15 U.S.C.§ 1692e(11)

6

7

31.     Plaintiff repeats, re-alleges, and incorporates by reference, paragraphs 1 through

8

30 inclusive, above.

9

32.     Section 1692e(11) of the FDCPA states in pertinent part:

10

11

> A debt collector may not use any false, deceptive, or
> misleading representation or means in connection with the

12

> collection of any debt. Without limiting the general application of
> the foregoing, the following conduct is a violation of this section:

13

> (11) The failure to disclose… if the initial communication
> with the consumer is oral, in that initial oral communication, that

14

> the debt collector is attempting to collect a debt and that any
> information obtained will be used for that purpose.

15

16

33.     At no time did Defendant disclose it was a debt collector attempting to collect a

17

debt.

18

34.     As a result of the violations by Defendant, Plaintiff is entitled to statutory

19

damages plus actual damages to be shown specifically at the time of trial.

20

21

35.     It has been necessary for Plaintiff to obtain the services of an attorney to pursue

22

this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefore.

23

### FIFTH CLAIM FOR RELIEF
### VIOLATION OF THE FDCPA 15 U.S.C.§ 1692e(14)

24

25

36.     Plaintiff repeats, re-alleges, and incorporates by reference, paragraphs 1 through

26

35 inclusive, above.

27

37.     Section 1692e(14) of the FDCPA states in pertinent part:

28

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

38. Defendant gave a false name when speaking with Plaintiff.

39. It has been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefore.

## SIXTH CLAIM FOR RELIEF
## VIOLATION OF THE FDCPA 15 U.S.C.§ 1692g(4)

40. Plaintiff repeats, re-alleges, and incorporates by reference, paragraphs 1 through 39 inclusive, above.

41. Section 1692g of the FDCPA states in pertinent part:

NOTICE OF DEBT; CONTENTS Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing —

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

42. In written communication to Plaintiff, Defendant failed to disclose that Plaintiff had 30 days to dispute the alleged debt.

43. It has been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefore.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief in Plaintiff's favor and that judgment be entered against Defendant for the following:

(1)     For actual damages incurred by Plaintiff pursuant to 15 U.S.C. § 1692k(a)(1);

(2)     For statutory damages awarded to Plaintiff, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3)     For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(4)     For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(5)     For any and all other relief this Court may deem appropriate.

DATED this 23rd day of March 2016.

**THE BOURASSA LAW GROUP**

*/s/ Mark J. Bourassa, Esq.*
MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
TRENT L. RICHARDS, ESQ.
Nevada Bar No. 11448
8668 Spring Mountain Rd., Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
*Attorneys for Plaintiff*